**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM TAYLOR HOBBS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-CV-0815-CVE-TLW |
| JOE M. ALLBAUGH, Director,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for habeas corpus (Dkt. # 1), filed by Petitioner William Taylor Hobbs, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 10) and provided the state court records (Dkt. ## 10, 11) necessary for adjudication of Petitioner's claims. Petitioner filed a reply to the response (Dkt. # 12). For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On April 12, 2010, Petitioner entered pleas of guilty in Ottawa County District Court, Case No. CF-2010-84B, to Manufacture of Controlled Dangerous Substance (Methamphetamine) (Count 1), Possession of Controlled Drug (Count 2), and Unlawful Possession of Drug Paraphernalia (Count 3). See Dkt. # 11-5, O.R. at 19. That same day, Petitioner also entered pleas of guilty in Ottawa County District Court, Case No. CF-2010-85, to Manufacture of Controlled Dangerous Substance (Methamphetamine) (Count 1), Possession of Marijuana (Count 2), and Unlawful Possession of

---

[1] Petitioner's most recent address reflects that he is in custody at a private prison in Oklahoma. See Dkt. # 14. Under Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is Joe M. Allbaugh, Director of the Oklahoma Department of Corrections. Therefore, pursuant to Fed. R. Civ. P. 25, Joe M. Allbaugh, Director, shall be substituted for Robert C. Patton, Director, as the proper party respondent in this action. The Clerk shall note the substitution on the record.

Paraphernalia (Count 3). Id. A Supplemental Information informed the trial court that Petitioner had least five (5) prior felony convictions. Id. at 3-4. Petitioner pleaded guilty pursuant to a plea agreement providing that Petitioner would be allowed to participate in the Ottawa County Drug Court Program. The agreement set forth the sentence Petitioner would received if he successfully completed the program and the sentence he would receive if he failed to complete the program. When Petitioner entered his guilty pleas, he acknowledged that he understood the terms of the plea agreement and his possible sentences. During entry of his pleas, Petitioner was represented by attorney J. Ken Gallon.

On June 9, 2010, the State filed an application to terminate Petitioner's participation in the Drug Court Program based on Petitioner's expulsion from a drug rehabilitation facility.[2] See Dkt. # 11-5, O.R. at 27. Pursuant to a minute order, filed July 23, 2010, the trial judge denied the motion, but Petitioner received a sanction of 15 days in jail. See Dkt. # 10-3 at 2; Dkt. # 11-5, O.R. at 46.

On November 30, 2010, the State filed a second application to terminate Petitioner's participation in the Drug Court program based on Petitioner's unauthorized departure from a drug rehabilitation facility. See Dkt. # 11-5, O.R. at 47-49. Petitioner was eventually arrested in San Diego, California, and returned to Oklahoma. See Dkt. # 10-3 at 2. On April 15, 2011, the trial judge granted the State's second application and terminated Petitioner from the Drug Court Program. Id. Pursuant to his plea agreement, Petitioner was sentenced in Case No. CF-2010-84B to life imprisonment on Count 1, and Counts 2 and 3 were dismissed. See Dkt. # 11-5, O.R. at 64-65. In Case No. CF-2010-85, Petitioner received a sentence of life imprisonment on Count 1, to run

---

[2]Petitioner had previously received a sanction of 10 days in jail for being expelled from a drug rehabilitation facility, a violation of the terms and conditions of the Drug Court Program.

2

concurrently with the life sentence in CF-2010-84B, fines on Count 2, and Count 3 was dismissed. Id.

Petitioner filed a motion to withdraw his guilty pleas. Id. at 66. After the motion was denied, see id. at 77, Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Lisbeth L. McCarty from the Oklahoma Indigent Defense System, Petitioner raised two grounds of error, as follows:

> Proposition 1: The trial judge lacked jurisdiction to grant the motion to terminate Appellant from Drug Court because Appellant successfully completed the program.
>
> Proposition 2: The trial judge abused his discretion by failing to consider the adequacy of further disciplinary sanctions.

See Dkt. # 10-1. On November 28, 2012, in Case No. F-2011-309, the OCCA affirmed the district court's ruling terminating Petitioner from the Drug Court Program. See, Dkt. # 10-3.

On February 11, 2013, Petitioner filed a pro se application for post-conviction relief (Dkt. # 10-4), raising two propositions of error, as follows:

> Proposition 1: Ineffective assistance of appellate counsel for failure to raise issue of plea was not voluntary.
>
> Proposition 2: Ineffective assistance of appellate counsel for failure to raise excessive sentence claim.

Id. at 2, 4. On March 22, 2013, the state district judge denied the application. See Dkt. # 10-5. Petitioner appealed. On June 20, 2013, in Case No. PC-2013-0336, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 10-7.

On December 23, 2013, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner identifies two (2) grounds of error, as follows:

> Ground 1: Ineffective assistance of appellate counsel for failing to raise issue that plea was not voluntary.

3

>   Ground 2:   Ineffective assistance of appellate counsel for failing to raise issue of excessive sentence.

Id. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) (Dkt. # 10).

*ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented his habeas claims to the OCCA on post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

**B.   Standards of review**

The OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel on post-conviction appeal. Therefore, under the Antiterrorism and Effective Death Penalty Act (AEDPA), Petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

To be entitled to habeas corpus relief, Petitioner demonstrate that the OCCA's adjudication of his claims was an unreasonable application of the two-pronged standard announced in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that (1) his counsel's performance was deficient and that (2) the deficient performance was prejudicial. Id. at 687. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003); Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999); Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). The Tenth Circuit has consistently held that "[w]hile counsel should not omit 'plainly meritorious' claims, counsel need not raise meritless issues." Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008) (citation omitted). To prevail, a petitioner must "show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" Id. (citation omitted). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Pinholster, 563 U.S. at 190 (noting that a

5

habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

### 1. Appellate counsel's failure to challenge voluntariness of plea (Ground 1)

As his first proposition of error, Petitioner complains that appellate counsel provided ineffective assistance in failing to challenge the voluntariness of Petitioner's guilty pleas. See Dkt. # 1 at 4-5. Petitioner claims that his trial counsel, J. Ken Gallon, "solicited and coerced me into signing for the Ottawa County Drug Court Program by saying I would be put away for a long time if I didn't sign immediately. I told him I was withdrawing from years of drug abuse and wanted to think about my decision because I was not in the right frame of mind, but he said no." Id. The OCCA denied relief on this claim, finding that Petitioner could not satisfy the prejudice prong of the Strickland standard. See Dkt. # 10-7 at 4.

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into knowingly and voluntarily. To enter a plea that is knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." See United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting Boykin, 395 U.S. at 244). A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913, 916 (10th Cir. 1973). "Whether a

plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Parke v. Raley, 506 U.S. 20, 35 (1992)). The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A defendant claiming ineffective assistance of counsel must overcome the strong presumption of reliability accorded a defendant's in-court statements made when the plea was entered concerning the voluntariness of the plea and his satisfaction with his attorney's performance. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

In this case, the record belies Petitioner's claim that he was coerced into entering his guilty pleas. On April 12, 2010, at the change of plea hearing, Petitioner stated that he was entering the guilty pleas freely and voluntarily and that no one had threatened, promised, or otherwise coerced him into changing his pleas. See Dkt. # 11-1, Tr. Plea Hr'g at 5. Petitioner confirmed that he had been accepted into the Drug Court Program. Id. at 8. Petitioner stated that he understood the terms of his plea agreement: if he completed the Drug Court Program, he would receive suspended sentences; if he failed to complete the program, he would be sentenced as provided in the second part of the agreement. Id. at 9-10. Petitioner also confirmed that he understood the strict conditions of the Drug Court Program. Id. at 9. The trial judge warned Petitioner repeatedly that his plea agreement was "a good deal if you make it; absolutely a horrible deal if you don't." Id. at 14, 16.

Also, the trial judge emphasized that "[if] you run, you're done." Id. at 12. After hearing the judge's admonishments, Petitioner affirmed his decision to enter the Drug Court Program. Id. at 16. The trial judge concluded the hearing by continuing Petitioner's sentencing for a period of two years, the length of time Petitioner would be in the program without either graduating or being terminated. Id. In a court minute, filed April 13, 2010, the state district judge made a finding of fact that Petitioner's guilty pleas were "knowingly and voluntarily entered." See Dkt. # 11-5, O.R. at 19.

Petitioner's allegation of duress resulting from defense counsel's advice to sign the guilty plea papers "immediately" is contradicted by Petitioner's averment, made under oath, that he had discussed the pleas with his attorney and that his decision to plead guilty was voluntary. See Dkt. # 11-1, Tr. Plea Hr'g at 5. Because Petitioner's unsupported claim that he entered pleas of guilty under duress is contradicted by the record, Petitioner cannot satisfy either prong of Strickland. Appellate counsel did not perform deficiently in failing to challenge the voluntariness of Petitioner's guilty pleas and the result of the appeal would not have been different had appellate counsel raised the claim. Furthermore, the state district judge's determination that Petitioner's guilty pleas were made knowingly and voluntarily is entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut that presumption with clear and convincing evidence. Id.

The OCCA's adjudication of this claim of ineffective assistance of appellate counsel is not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Habeas corpus relief is denied as to Ground 1.

**2. Appellate counsel's failure to challenge excessiveness of sentences (Ground 2)**

As his second ground of error, Petitioner claims that appellate counsel provided ineffective in failing to argue that his sentences are excessive. See Dkt. # 1 at 6. Petitioner states "[t]his sentence is excessive, where neither loss of life nor injury has occurred, and I believe that it will shock the conscience of the Court." Id. Petitioner claims that he wrote to appellate counsel "numerous times about the excessiveness of this sentence, all to no avail, she ignored me and filed two bogus petitions, that got denied on direct appeal." Id. In resolving this claim on post-conviction appeal, the OCCA found that Petitioner could not satisfy the prejudice prong of the Strickland standard. See Dkt. # 10-7 at 4.

The OCCA has consistently held that where the punishment is within the statutory limits, the sentence will not be modified unless under all the facts and circumstances of the case it is so excessive as to shock the conscience of the court. See, e.g., Freeman v. State, 876 P.2d 283, 291 (Okla. Crim. App. 1994). In light of Petitioner's history of at least 5 prior felony convictions, Petitioner's sentences were within statutory limits. See Okla. Stat. tit. 21, § 51.1(C). Therefore, under the facts of this case, even if appellate counsel had raised this claim on direct appeal, Petitioner cannot demonstrate that the result of his appeal would have been different. Because Petitioner cannot satisfy the prejudice prong of Strickland, his claim of ineffective assistance of appellate counsel is meritless. For that reason, the OCCA's adjudication of this claim of ineffective assistance of appellate counsel is not contrary to, or an unreasonable application of clearly established federal law as determined by the Supreme Court. Habeas corpus relief is denied on Ground 2.

**C.      Certificate of Appealability**

Pursuant to Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" and the Court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests the Tenth Circuit would conclude that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935, 937-38 (10th Cir. 2004). The record is devoid of any authority suggesting the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability is denied.

## *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1. The Clerk shall note on the record the substitution of Joe M. Allbaugh, Director, in place of Robert C. Patton, Director, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 3rd day of January, 2017.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE